IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| STEFAN WILLIAMS, | |
| Movant, | CIVIL ACTION NO.: 5:22-cv-28 |
| v. | |
| UNITED STATES OF AMERICA, | (Case No.: 5:17-cr-5) |
| Respondent. | |

## ORDER AND REPORT AND RECOMMENDATION

Movant Stefan Williams ("Williams"), who is currently housed at the Federal Correctional Institution in Jesup, Georgia, filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. Doc. 1. For the reasons which follow, I **RECOMMEND** the Court **DISMISS** Williams' § 2255 Motion, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Williams *in forma pauperis* status on appeal and a Certificate of Appealability. I **DENY** Williams' request for an evidentiary hearing.

## BACKGROUND

Williams was charged by superseding indictment of conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. §§ 841 and 846. United States v. Williams, 5:17-cr-5 ("Crim. Case"), Docs. 22, 135. The Government notified the Court on February 1, 2018, it had reached a plea agreement with Williams. Crim. Case, Doc. 374. On August 17, 2018, the Honorable Lisa Godbey Wood sentenced Williams to 151 months' imprisonment, to be served consecutively to any term of imprisonment upon revocation of his state probation term, and judgment was entered on August 21, 2018. Crim. Case,

Doc. 576.  Also on August 17, 2018, Williams and his attorney, Juanita Holsey, executed a post-conviction consultation certification wherein Williams declared he did not wish to file an appeal after consultation with Ms. Holsey.  Crim. Case, Doc. 572.  Williams filed a motion to reduce sentence on April 12, 2019, asserting he was sentenced under the 1984 Sentencing Guidelines rather than the 1987 Guidelines, and another motion to reduce on April 15, 2019, alleging he was entitled to earned credit against his sentence under the First Step Act of 2018.  Crim. Case, Docs. 704, 705.  In addition, Williams filed a motion for extension of time to file a § 2255 motion on August 9, 2019.  Crim. Case, Doc. 718.  Judge Wood denied Williams' then-pending motions—including the motion for extension of time to file a § 2255 motion—by Order on November 22, 2019.  Crim. Case, Doc. 728.  Williams filed nothing more until April 29, 2022, when his § 2255 Motion was filed.  Doc. 1.

Williams contends he asked Ms. Holsey after his sentencing hearing to file a notice of appeal and she told him it would be filed timely.  Doc. 1 at 4.  Williams also contends his guilty plea is invalid because it was not knowingly or intelligently entered because his plea was based solely on his confession and the Government presented no corroborating evidence.  Id. at 5.  Williams asks to file an out-of-time appeal or for the vacatur of his sentence and an evidentiary hearing.  Id. at 12.

## DISCUSSION

### I.   Whether Williams' Motion Is Timely

To determine whether Williams filed his § 2255 Motion in a timely manner, the Court must look to the applicable statute of limitations periods.  Motions made via § 2255 are subject to a one-year statute of limitations period.  28 U.S.C. § 2255(f).  This limitations period runs from the latest of:

>  (1) the date on which the judgment of conviction becomes final;
>
>  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Williams was sentenced to 151 months' imprisonment on August 17, 2018, and the Court's final judgment was entered on August 21, 2018.  Crim. Case, Docs. 570, 576.  Williams had 14 days, or until September 4, 2018, to file a notice of appeal.  Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. Civ. P. 6(a); Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011) (noting when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires).  Because Williams did not file an appeal, he had until September 4, 2019, to file a timely § 2255 motion.  28 U.S.C. § 2255(f)(1).  However, he did not execute his § 2255 Motion until April 26, 2022, and it was filed on April 29, 2022.  Consequently, Williams' Motion is untimely under § 2255(f)(1) by more than two and one-half years' time.  Townsend v. Crews, No. 14-24126-CIV, 2014 WL 6979646, at *6 (S.D. Fla. Dec. 9, 2014) ("The law is and always has been that a statute of limitations creates a definitive deadline; a complaint or petition filed one day late (or six days late as in the case at bar) is untimely, just as if a year late." (quoting Turner v. Singletary, 46 F. Supp. 2d 1238, 1240 (N.D. Fla. 1999))).

3

Williams argues he is entitled to the statute of limitations period set forth in § 2255(f)(4), claiming he did not learn Ms. Holsey failed to file his requested notice of appeal until October 16, 2021.[1]  Doc. 1 at 10.  Williams has "the burden to adequately allege due diligence under § 2255(f)(4)."  Guerrero Sanchez v. United States, Case Nos. 19-24206-CV, 17-20804-CR, 2020 WL 8082397, at *3 (S.D. Fla. Dec. 15, 2020) (citing Trucchio v. United States, 553 F. App'x 862, 864 (11th Cir. 2014); and then citing Johnson v. United States, 544 U.S. 295, 308 (2005)), *adopted by* 2021 WL 76343 (S.D. Fla. Jan. 8, 2021).  This "'does not require the maximum feasible diligence, but only 'due,' or reasonable, diligence.'"  Id. (quoting Aron v. United States, 291 F.3d 708, 712 (11th Cir. 2002)).  Under the due diligence standard, a prisoner must "make reasonable efforts [to discover the new facts underlying his claims,]" id. (alteration in original), though a prisoner need not "undertake repeated exercises in futility or to exhaust every imaginable option . . . ."  Aron v. United States, 291 F.3d 708, 712 (11th Cir. 2002).  "Although this inquiry is individualized, the prisoner's subjective belief regarding the date on which the new evidence became available to him does not control."  Guerrero Sanchez, 2020 WL 8082397, at *3 (cleaned up).

Williams seems to contend Ms. Holsey's alleged failure to file a notice of appeal on his behalf is the reason he filed his § 2255 Motion untimely, but that position is wholly without merit and is contradicted by the record.  Williams makes no showing he was pursuing his rights diligently such that his claim Ms. Holsey failed to file a notice of appeal on his behalf, despite his alleged instruction "impeded him from acting independently prior to" April 26, 2022, the date he executed his § 2255 Motion.  Id.  Even accepting as true Williams' contention he directed Ms.

---

[1]  Williams makes no claim the limitations periods of § 2255(f)(2) and (3) are applicable.

Holsey to file a notice of appeal on the date of his sentencing hearing, August 17, 2018—a finding this Court does not make—Williams fails to meet his burden under § 2255(f)(4).

As noted above, judgment was entered in this case on August 21, 2018. Williams filed two motions for reduction of sentence in April 2019, less than a year after his sentencing in this Court. Crim. Case, Docs. 704, 705. Importantly, Williams submitted a letter to the Clerk of Court, which was filed on April 29, 2019, and requested a copy of the docket sheet in his criminal case; the Clerk of Court mailed a copy of the docket sheet to Williams the same date. Crim. Case, Doc. 708; staff note dated Apr. 29, 2019 (stating copy of docket sheet mailed to Williams at his place of incarceration). This docket sheet undoubtedly showed no notice of appeal had been filed.

Williams also filed a motion for extension of time to file a § 2255 motion on August 9, 2019. Williams apparently made this request because he recognized a § 2255 motion was a potential avenue to attack his conviction and sentence and that time was expiring. Indeed, Williams asked for more time to file a § 2255 motion just shy of one year after judgment was entered in his case. Williams obviously believed he needed to file any § 2255 motion within one year of the judgment and understood that one-year clock was about to expire. Judge Wood denied Williams' motions—including that request for more time to file a § 2255 motion—on November 22, 2019. Crim. Case, Doc. 728. Despite understanding the deadline for filing a § 2255 motion, Williams waited approximately 30 more months—after the denial of his request for more time—to file the instant § 2255 Motion. Williams clearly knew before the expiration of the one-year limitations period he had the option of filing a § 2255 motion and understood the time to do so was rapidly approaching. But Williams filed nothing for two and half more years. Williams did not exercise due diligence in filing the instant § 2255 Motion.

5

In short, Williams fails to meet his burden of showing entitlement to the limitations period of § 2255(f)(4), and the Court should dismiss his Motion on this basis.  To the extent Williams wishes to argue the statute of limitations period should be equitably tolled, the Court must now determine whether Williams is entitled to equitable tolling of the applicable statute of limitations period.

## II.     Whether Williams Is Entitled to Equitable Tolling

The applicable limitations period is not jurisdictional, and, as a consequence, the established one-year limitation "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010).  "A movant 'is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented him from timely filing.'"  Williams v. United States, 586 F. App'x 576, 576 (11th Cir. 2014) (quoting Holland, 560 U.S. at 649).  Equitable tolling is typically applied sparingly and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003).  "The [movant] bears the burden of proving his entitlement to equitable tolling," Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), "and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the [movant] must establish both."  Williams v. Owens, No. CV113-157, 2014 WL 640525, at *3 (S.D. Ga. Feb. 18, 2014) (citing Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006)); Damren v. Florida, 776 F.3d 816, 821–22 (11th Cir. 2015).

Williams fails to show he was pursuing his rights diligently and some extraordinary circumstance prevented him from executing his § 2255 Motion prior to April 26, 2022.  Even if Ms. Holsey did not file a timely notice of appeal on Williams' behalf and this constitutes an "extraordinary circumstance," as detailed above, Williams does not show he was pursuing his

rights, diligently or otherwise, between May 2019 (docket sheet receipt) or November 2019 (denial of motions) and the execution of his § 2255 Motion on April 26, 2022. Consequently, Williams is not entitled to the equitable tolling of the applicable statute of limitations period for the same reasons he cannot show § 2255(f)(4) provides a new triggering event for statute of limitations purposes, and his § 2255 Motion is time barred. Thus, the Court should **DISMISS** Williams' § 2255 Motion.

### III.   Request for Evidentiary Hearing

Section 2255 does not require the Court hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" Winthrop-Redin v. United States, 767 F.3d 1210, 1216 (11th Cir. 2014) (quoting 28 U.S.C. § 2255(b)). "If the petitioner 'alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim. However, a district court is not required to hold an evidentiary hearing where the petitioner's allegations are 'affirmatively contradicted by the record, or the claims are patently frivolous.'" United States v. Yadigarov, 840 F. App'x 487, 490 (11th Cir. 2021) (citation omitted); see also Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) ("A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted in the record."). Moreover, a movant is not entitled to an evidentiary hearing where he asserts "merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (citation omitted); see also Lynn v. United States, 365 F.3d 1225, 1238–39 (11th Cir. 2004).

Williams contends he became aware Ms. Holsey did not file his requested notice of appeal until October 16, 2021, and requests an evidentiary hearing "to prove" this claim. Doc. 1 at 10, 12. However, this assertion is conclusory, frivolous, and contradicted by the record, notably the fact Williams requested and received a copy of the docket sheet in May 2019 and would have become aware Ms. Holsey had not filed a notice of appeal on his behalf at that time. Thus, I **DENY** Williams' request, as an evidentiary hearing is unnecessary.

IV. **Leave to Appeal *in Forma Pauperis* and Certificate of Appealability**

The Court should also deny Williams leave to appeal *in forma pauperis*. Though Williams has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. Pursuant to Rule 11 of the Rules Governing Section 2255 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Williams' § 2255 Motion and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appealability; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Williams a Certificate of Appealability, Williams is advised he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous

9

issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS** Williams' § 2255 Motion, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Williams a Certificate of Appealability and *in forma pauperis* status on appeal. I **DENY** Williams' request for an evidentiary hearing.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of

Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 15th day of December, 2022.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA