# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| STEFAN WILLIAMS, | * | |
| | * | |
| Movant, | * | CIVIL ACTION NO.: 5:22-cv-28 |
| | * | |
| v. | * | |
| | * | |
| UNITED STATES OF AMERICA, | * | (Case No.: 5:17-cr-5) |
| | * | |
| Respondent. | * | |

### ORDER

The Court has conducted an independent and de novo review of the entire record and concurs with the Magistrate Judge's Report and Recommendation, dkt. no. 5. Movant Stefan Williams ("Williams") filed Objections to this Report and Recommendation, though the submission was docketed as a motion for extension of time. Dkt. No. 6.

In his Objections, Williams states his 28 U.S.C. § 2255 Motion is timely, as his trial counsel told him on or about September 16, 2019, she was in the process of filing a motion for leave to file an out-of-time notice of appeal. Id. at 1-2. Williams also states he asked the Court for an extension to file a § 2255 motion, which was denied. According to Williams, these actions show he was pursuing his rights diligently. Id. at 2.

AO 72A
(Rev. 8/82)

Additionally, Williams alleges he did not sign a post-conviction certification form, despite the Magistrate Judge's finding. Id. He further alleges the Magistrate Judge incorrectly concluded his guilty plea was entered into voluntarily. Id. at 3.

Williams' Objections are without merit. The assertions he makes are contradicted by the record, as the Magistrate Judge determined. While Williams states he did not sign a post-conviction certification, the signature on that document is, at the least, a very close match to the signature found on Williams' Objections and on his § 2255 Motion. Compare Crim. Case, Dkt. No. 572 with Dkt. No. 1 at 12 and Dkt. No. 6 at 4. And even accepting as true Williams' latest assertion regarding his attorney filing a petition for an out-of-time appeal, any such occurrence did not happen until September 16, 2019, which was more than a year after his conviction because final. Further, Williams waited approximately two and one-half years after the Court denied his motion for extension of time to file the instant § 2255 Motion. Dkt. No. 5 at 5. Indeed, Williams' Objections confirm he knew as early as September 2019 that no appeal had been filed, which is more than two years before the instant § 2255 Motion was filed. In sum, Williams fails to show his § 2255 Motion was timely or that he is entitled to equitable tolling of the statute of limitations by virtue of any alleged due diligence. Id. at 6-7.

Additionally and contrary to Williams' contention, the Magistrate Judge made no finding on whether Williams' plea was entered into voluntarily. Instead, the Magistrate Judge recounted the relevant procedural history involved in this case, which includes the fact the Government and Williams reached a plea agreement. Id. at 1 (citing Crim. Case, Dkt. No. 374). Because Williams' § 2255 Motion is untimely, the Magistrate Judge did not need to reach Williams' assertion his plea is invalid because it was "based solely on his confession and the Government presented no corroborating evidence." Id. at 2 (citing Dkt. No. 1 at 5).

The Court **OVERRULES** Williams' Objections and **CONCURS** with and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. The Court **DISMISSES** Williams' 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct his Sentence as untimely filed, **DIRECTS** the Clerk of Court to **CLOSE** this case and to enter the appropriate judgment of dismissal, and **DENIES** Williams *in forma pauperis* status on appeal and a Certificate of Appealability.

**SO ORDERED**, this \_\_\_5\_\_\_ day of \_\_\_January\_\_\_, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA